U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR - 3 2018

TONY R. MOORE, CLERK
BY: _____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TERRANCE RAYMOND** | **CIV. ACTION NO. 2:16-00526** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **TALOS ENERGY, LLC, ET AL** | **MAG. JUDGE KAY** |

## MEMORANDUM RULING AND ORDER

Before the court is "Plaintiff's Motion in Limine to Exclude any and All Evidence of any criminal records, Arrests, and/or Unrelated Narcotic Drug Use" (R. #44); Defendants oppose the motion.

Plaintiff seeks to exclude from the trial of this matter any and all evidence of any criminal records, arrests, and/or unrelated drug use on the grounds that any such evidence is irrelevant, and that its prejudicial effect upon the jury would far outweigh any probative value pursuant to Federal Rule of Evidence 403.

As noted by Defendants, Plaintiff's lawsuit seeks damages due to his alleged "brain and head" injuries. Defendants contend that Plaintiff cannot establish that any action or inaction on their part caused or contributed to Plaintiff's injuries. Defendants point out that Plaintiff testified in his August 8, 2017 deposition that he had not used marijuana since 2010. Plaintiff underwent a Neuropsychological Evaluation on February 27 and 28, 2018. In Dr. Strother's report dated March 21, 2018, Plaintiff remarked that he used marijuana 2-4 times per week and had used marijuana one week prior to the evaluation. During that evaluation, Plaintiff complained of dizziness, headaches, erectile dysfunction, general weakness, short-term memory problems, depressed mood, diminished drive/initiative,

1

restlessness and low frustration tolerance. He further reported that he was unable to work or drive, had difficulty sleeping and a slower speed of thinking due to his symptoms.

Defendants argue that Plaintiff's admitted marijuana use could potentially have an effect on his physical, psychological and cognitive functions which he claims have been affected by the incident that is the subject of this lawsuit. Specifically, Defendants point to Dr. Strother's report which opines that marijuana use contributed to Plaintiff's complaints:

> . . . there are other factors likely contributing to both neurocognitive and psychological complaint that warrant some discussion, most notable marijuana use. . . Marijuana is known to interfere with cognitive function – particularly attention and short-term memory, and it can contribute to mood/emotional symptoms. This likely offers an explanation for at least some, perhaps much, of this patient's cognitive and psychological complaints.[1]

Rule 402 of the Federal Rules of Evidence provides that all relevant evidence is admissible. The court finds that any evidence as to Plaintiff's drug use is relevant, probative and admissible, both for purposes of impeachment and as to Plaintiff's cognitive and psychological complaints. However, as to Plaintiff's criminal records, evidence of arrests will be excluded at trial, but felony convictions will be admitted.

## CONCLUSION

For the reasons stated above, it is

**ORDERED** that the motion in limine is **GRANTED** in part and **DENIED** in part. The motion is denied to the extent that any evidence as to Plaintiff's marijuana use will be

---

[1] Defendants' exhibit A, pp. 30-31.

permitted at trial; otherwise, the motion is hereby **GRANTED** and evidence of Plaintiff's arrests will be excluded at trial.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 3rd day of April, 2018.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE